IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | 2:20-CR-076-Z-BR (1) |
| LUIS GONZALES ALCORTA, | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is a Motion to Dismiss Supervised Release as Unconstitutional and Ultra Vires filed by Defendant Luis Gonzales Alcorta ("Alcorta"). ECF No. 91. For the reasons stated below, Alcorta's motion is **DISMISSED without prejudice** for lack of jurisdiction.

**BACKGROUND**

In December 2020, Alcorta pleaded guilty to Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. Sections 841(a)(1) and 841(b)(1)(C). ECF No. 31. On April 8, 2021, the Court sentenced Alcorta to 240 months of imprisonment, followed by three years of supervised release. *See* ECF No. 58 at 2.

On March 6, 2023, Alcorta filed a motion to vacate sentence under 28 U.S.C. Section 2255 (ECF No. 80), which the Court denied on January 18, 2024. *See* Case No. 2:23-cv-34-Z-BR at ECF 24, 32. On July 29, 2025, Alcorta filed this Motion, asking the Court to dismiss the supervised release portion of his sentence as unconstitutional and void *ab initio*.

**LEGAL STANDARD**

The proper vehicle for challenging a criminal conviction after the direct appeal period has expired is a motion to vacate sentence under Section 2255. *See Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001) (per curiam) ("Section 2255 provides the primary means of

collaterally attacking a federal conviction and sentence. Relief under this section is warranted for errors that occurred at trial or sentencing." (cited cases omitted)). Alcorta's first Section 2255 motion was dismissed by this Court. Thus, before he can pursue a successive Section 2255 motion, Alcorta must first obtain authorization from the Fifth Circuit under 28 U.S.C. Section 2244(b)(3). *See, e.g., United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000) (per curiam) (holding that Section 2244(b)(3)(A) constitutes a jurisdictional bar unless the court of appeals first grants permission to file a successive motion).

Because Alcorta has not received prior authorization to file a successive Section 2255 motion from the Fifth Circuit, Alcorta's Motion to Dismiss Supervised Release as Unconstitutional and Ultra Vires is **DISMISSED without prejudice** for lack of jurisdiction. *See* 28 U.S.C. Section 2255(h); 28 U.S.C. Section 2244(b)(3); *U.S. v. Lawson*, 83 F. App'x 619 (5th Cir. 2003) (dismissing motion to dismiss indictment as a successive Section 2255 motion).

Considering this record and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing Section 2255 Proceedings in the United States District Court, and 28 U.S.C. Section 2253(c), the Court **DENIES a certificate of appealability**. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**SO ORDERED.**

August 4, 2025

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE